IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03340-WJM-MJW

DEREK MORTLAND,

Plaintiff(s),

v.

YMCA OF THE ROCKIES, a Colorado Non-Profit,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion Regarding Limited Discovery (docket no. 17) is GRANTED IN PART AND DENIED IN PART. The subject motion (docket no. 17) is GRANTED insofar as Plaintiff shall be permitted to take a Rule 30(b)(6) deposition of Defendant, and such Rule 30(b)(6) deposition shall be limited in scope to the nine factors listed in the *LeBoon* case below. In addition, on or before March 27, 2015, Plaintiff may serve 20 interrogatories upon Defendant which shall be limited in scope to the nine factors listed below in the *LeBoon* case. Defendant shall designate one or more Representatives to respond to the nine factors listed below in the *LeBoon* case. These nine factors are the topics for the Rule 30(b)(6) deposition. The parties shall meet and confer and set the Rule 30(b)(6) deposition on or before May 8, 2015. The remainder of the relief sought in the subject motion (docket no. 17) is DENIED. Each party shall pay their own attorney fees and costs for this motion.

It is FURTHER ORDERED that the parties shall meet and confer, and if a protective order is needed for this "limited discovery," a motion for protective order should be filed pursuant to Fed. R. Civ. P. 26(c) on or before March 23, 2015.

It is FURTHER ORDERED that Plaintiff is granted leave to file, with District Judge Martinez, a motion for extension of time to respond to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (docket no. 22) since this motion is currently pending before District Judge Martinez and since this court is allowing some "limited discovery."

This is a Title III of the Americans With Disabilities Act of 1990 (ADA) and a Colorado Anti-Discrimination Act (CADA) case which was originally set for a Rule 16

2

Scheduling Conference on February 5, 2015. See docket no. 5. At the Scheduling Conference, this court vacated the Scheduling Conference. See docket no. 16.

Currently pending before District Judge Martinez is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (docket no. 22) filed on March 10, 2015. The thrust of Defendant's argument in this motion (docket no. 22), is that Defendant is a "religious organization" and is exempt from the requirements of Title III of the ADA and therefore Plaintiff has failed to state a claim upon which relief can be granted. Further, Defendant argues in this motion (docket no. 22) that Plaintiff's claim under the CADA should likewise be dismissed as the facilities at issue are specifically excluded from the definition of a "place of public accommodation" under the CADA and therefore Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, a decision on the pending motion (docket no. 22) would serve judicial economy and is consistent with Fed. R. Civ. P. 1.

At issue in the subject motion (docket no. 17) is whether "limited discovery" is needed in order for Plaintiff to prepare and fairly respond to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (docket no. 22).

Plaintiff argues that he needs "limited discovery" in order to respond to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (docket no. 22). Plaintiff requests the following "limited discovery:"

1. Deposition of the Corporate Representative of the Defendant who is most knowledgeable of the Defendant's operation;

2. Designation of the General Manager of the Estes Park Center;

3. Designation of the Chief Financial Officer of the Defendant who is most knowledgeable of the finances of the Defendant;

4. Request for Production of (a) Defendant's tax returns for the last three years to determine whether Defendant is operating at a profit and to determine the source and use of Defendant's funds; (b) tax returns for the Estes Park Center for the last three years, which are different than the Defendant's tax returns; (c) members of the Board of Directors for the last three years; and (d) interrogatories not to exceed 25 including sub-parts to identify how the Defendant is a religious organization or is affiliated with a religious organization, and information on any training in the Christian religion that its employees receive, and to determine whether the Defendant receives federal funding.

Plaintiff is willing to enter into a mutually agreeable Confidentiality Agreement with Defendant [i.e., Protective Order] for the "limited discovery" that Plaintiff requests in his subject motion (docket no. 17).

3

In support of Plaintiff subject motion (docket no. 17), Plaintiff contends that the determination of whether Defendant is exempt from the ADA and CADA as outlined in his Amended Complaint is a mixed question of law and fact that requires adequate discovery to develop the record.  In support of such contention, Plaintiff relies on the cases of *Doe v. Abington Friends School*, 480 F.3d 252 (3rd Cir. 2007); *LeBoon v. Lancaster Jewish Community Center, Ass'n*, 503 F.3d 217, 226-27 (3rd Cir. 2007); and *Defiore v. City Rescue Mission of New Castle*, 995 F. Supp.2d 413 (W.D. Penn. 2013).

In *LeBoon*, the Third Circuit suggested numerous factors to determine whether a Jewish Community Center could be considered a "religious organization" under Title II of ADA.  Those factors are: (1) whether the entity operates for a profit; (2) whether it produces a secular product; (3) whether the entity's articles of incorporation or other pertinent documents state a religious purpose; (4) whether it is owned, affiliated with or financially supported by a formally religious entity such as a church or synagogue; (5) whether a formally religious entity participates in the management, for instance of having representatives on the Board of Trustees; (6) whether the entity holds itself out to the public as secular or sectarian; (7) whether the entity regularly includes prayer or other forms of worship in its activities; (8) whether it includes religious instruction in the curriculum, to the extent it is an educational institution; and (9) whether its membership is made up by co-religionists.  *LeBoon*, 503 F.3d at 226.

Defendant argues that Plaintiff's "limited discovery" requests, as outlined above in the subject motion (docket no. 17), are vague, over broad, and unnecessary.  Moreover, Defendant argues that it recently provided Plaintiff with the tax returns requested, which include the names of the members of Defendant's Board of Directors, as well as its Amended Articles of Incorporation (which were not requested), all of which are public records and were available to Plaintiff prior to and after the filing of his Complaint.  Further, Defendant asserts that Plaintiff already has the BAA Order which addresses Defendant's activities.  Defendant further argues that there is no Rule 30(b)(6) Notice as to the Corporate Representative of Defendant and that the scope and inquiry of the depositions of Defendant's CFO and General Manager of the Estes Park Center as requested by Plaintiff is over broad and vague.

Here, the court finds that Plaintiff has already received (1) the requested tax returns from Defendant which includes the names of the members of the Defendant's Board of Directors, (2) the Defendant's Amended Articles of Incorporation, and (3) the BAA Order.  I further find that some "limited discovery" should be permitted in order for Plaintiff to prepare and fairly respond to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (docket no. 22).  Plaintiff shall be permitted to take a Rule 30(b)(6) deposition of Defendant, and such Rule 30(b)(6) deposition shall be limited in scope to the nine factors listed above in the *LeBoon* case.  In addition, Plaintiff may serve 20 interrogatories upon Defendant which shall be limited to the scope of the nine factors listed above in the *LeBoon* case.  Defendant shall designate one or more Representatives to respond to the nine factors listed above in the *LeBoon* case. The remainder of the relief sought in the subject motion (docket no. 17) is denied.

4

Date: March 12, 2015